**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANKUSH KUMAR, | No. ED CV 26-2805(E) |
|     Petitioner, | |
|   v. | ORDER FOR ENTRY OF JUDGMENT |
| MARKWAYNE MULLIN, ETC., ET AL., | |
|     Respondents. | |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for a Writ of Habeas Corpus" ("the Petition") on May 25, 2026.  Respondents filed an Answer to the Petition on June 4, 2026.  Petitioner filed a Traverse on June 5, 2026.  Petitioner seeks his immediate release from detention or a bond hearing before an immigration judge.

**BACKGROUND**

Petitioner, a citizen of India, entered the United States on or about April 28, 2023.  An immigration judge ordered Petitioner removed from the United States on January 20, 2026.

This removal order became final on February 20, 2026, when Petitioner failed to file a timely appeal.[1]  Petitioner has been in ICE detention since approximately April 30, 2026.

**DISCUSSION**

As Petitioner points out, Respondents' Answer was not filed timely.  However, habeas relief may not properly issue as a consequence of a respondent's default.  See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Hinkson v. Copenhaver, 2014 WL 1255922, at *1-2 (E.D. Cal. Mar. 25, 2014).

To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States."  See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3).  "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States."  Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted).  In the present case, Petitioner has failed to carry his burden of proving that his current detention violates his federal rights.

Section 1231 of Title 8 U.S.C. governs the detention of noncitizens who have been ordered removed from the United States.  See Fernandez v. Scott, 2026 WL 607761, at *3 (W.D. Wash. Mar. 4, 2026).  Detention is mandatory during a 90-day "removal period."  See id.; 8 U.S.C. § 1231(a)(1), (2).  After this removal period, the Government may continue to detain the noncitizen, but "the post-removal-period detention scheme contains an implicit 'reasonable time' limitation."  Lieu v. Noem, 2026 WL 712952, at *3 (C.D. Cal. March 10, 2026) (citing and quoting Zadvydas v. Davis, 533 U.S. 678, 682 (2001) ("Zadvydas").  In Zadvydas, the Supreme Court ruled that the "presumptively reasonable" period of detention is six months.  Zadvydas, at 701.  "After this 6-month period, once the [noncitizen] provides good

---

[1]  A subsequent request by Petitioner to file a late appeal to the Board of Immigration Appeals reportedly is pending.

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id.

At the present time, Petitioner has been in ICE detention for only approximately 41 days.  "Courts in this district routinely find Zadvydas does not apply to noncitizens detained for less than the presumptively reasonable [six month] period of detention."  Lieu v. Noem, 2026 WL 712952, at *4 (and cases cited therein).  Some district courts do entertain challenges brought before the expiration of the presumptively reasonable period of detention.  See, e.g., Nguyen v. Rosa, 2026 WL 1382306, at *4 (D. Ariz. May 18, 2026) ("Nguyen").  Even under cases such as Nguyen, however, a noncitizen detained for less than six months "must prove the unreasonableness of the detention, and courts must accord great deference to the Executive Branch determinations based on foreign policy expertise and administrative necessity."  Id. (citations and quotations omitted).

In the present case, Petitioner has failed to prove the "unreasonableness" of his continuing detention.  Moreover, even if Zadvydas here applied, the Court would find that Petitioner has failed to provide a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

Any complaint by Petitioner regarding the circumstances of being taken into custody by ICE after issuance of the removal order does not justify the relief Petitioner now seeks.  Cf. Flores-Martinez v. Blanche, 2026 WL 1162404, at *3 (W.D. Wash. April 29, 2026); Fernandez v. Scott, 2026 WL 607761, at *3.

///

///

///

///

3

**CONCLUSION**

For all of the foregoing reasons, the Petition is denied.  This denial is without prejudice to the filing of a subsequent habeas petition in the event Petitioner's continued detention becomes unreasonably prolonged.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 10, 2026

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

4